J-S48016-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | |
|---|---|
| IN RE: ADOPTION OF: A.M., A MINOR | : IN THE SUPERIOR COURT OF |
| | :     PENNSYLVANIA |
| | : |
| | : |
| | : |
| | : |
| APPEAL OF: D.M., MOTHER | : No. 639 MDA 2014 |

Appeal from the Decree entered February 26, 2014,
Court of Common Pleas, Northumberland County,
Orphans' Court at No. 48 of 2013

| | |
|---|---|
| IN RE: I.R., A MINOR | : IN THE SUPERIOR COURT OF |
| | :     PENNSYLVANIA |
| | : |
| | : |
| | : |
| | : |
| APPEAL OF: D.M., MOTHER | : No. 640 MDA 2014 |

Appeal from the Decree entered February 26, 2014,
Court of Common Pleas, Northumberland County,
Orphans' Court at No. 47-2013

| | |
|---|---|
| IN RE: ADOPTION OF: A.R. | : IN THE SUPERIOR COURT OF |
| | :     PENNSYLVANIA |
| | : |
| | : |
| | : |
| | : |
| APPEAL OF: D.M., MOTHER | : No. 641 MDA 2014 |

Appeal from the Decree entered February 26, 2014,
Court of Common Pleas, Northumberland County,
Orphans' Court at No. 46-2013

| | |
|---|---|
| IN RE: ADOPTION OF: E.R., A MINOR | : IN THE SUPERIOR COURT OF |
| | :     PENNSYLVANIA |
| | : |
| | : |
| | : |
| | : |
| APPEAL OF: D.M., MOTHER | : No. 642 MDA 2014 |

Appeal from the Decree entered February 26, 2014,
Court of Common Pleas, Northumberland County,
Orphans' Court at No. 45-2013

BEFORE:  DONOHUE, JENKINS and PLATT*, JJ.


*Retired Senior Judge assigned to the Superior Court.

CONCURRING MEMORANDUM BY DONOHUE, J.: **FILED JANUARY 23, 2015**

I agree with my esteemed colleagues that competent evidence supports the trial court's decision to terminate Mother's parental rights to the Children. **See** Maj. at 5-6.[1] I disagree, however, with the Majority's statement that the record reveals "no evidence [that] a bond exists between Mother and the Children." **Id.** at 6. To the contrary, testimony presented at the February 21, 2014 hearing regarding Mother's parental rights to the Children suggests that the Children and Mother do share a bond. Paternal Grandmother and Grandfather both testified that the Children would be sad if her parental rights were terminated. N.T., 2/21/14 (Mother), at 47, 53, 63-64. They also testified that the Children are happy when Mother visits and look forward to seeing her. **Id.** at 53, 62.

The fact that there is evidence of a bond between Mother and the Children, however, does not prohibit the trial court from terminating her parental rights. **In re A.D.**, 93 A.3d 888, 897 (Pa. Super. 2014). "Rather, the trial court must examine the status of the bond to determine whether its termination would destroy an existing, necessary and beneficial relationship." **Id.** at 898 (quotation and citation omitted).

---

[1] For purposes of completeness, I note that the trial court did not terminate Mother's parental rights to the Children solely pursuant to 23 Pa.C.S.A. § 2511(a)(1) and (b), but also found that CYS satisfied its burden of proving grounds for termination under subsections (a)(2), (5), and (8). **See** Final Decree, 2/27/14, ¶¶ 2-4.

The record contains ample testimony to support a finding that terminating Mother's parental rights to the Children would not destroy a necessary and beneficial relationship. Mother admitted during her testimony that she had not seen the Children as frequently as she could have during the three years they were in CYS care. Of the at least seventy visits she could have had, she took advantage of only fourteen. N.T., 2/21/14, at 88. Nine of the visits arranged through CYS lasted an hour; the remaining visits arranged with Paternal Grandmother were between three and six hours each. *Id.* at 89-90. Thus, Mother spent approximately thirty-six hours with the Children during the thirty-six months they were out of her care. Furthermore, although the Children enjoyed and looked forward to visiting with their Mother, they were reportedly unfazed when the visits ended. *Id.* at 62.

Paternal Grandfather testified that he has spoken with the Children about the possibility of Mother's rights being terminated and indicated that the Children were, in part, relieved to learn that Mother would not be involved in the future. *Id.* at 63-64. According to Paternal Grandmother, Children have, over time, accepted the fact that Mother was not going to be returning and do not ask to live with her. *Id.* at 54-55. Paternal Grandmother testified that terminating Mother's parental rights would not harm them and that "they will be able to move forward." *Id.* at 47.

The record supports the trial court's decision to terminate Mother's parental rights. I therefore concur in the result reached by the learned Majority.